KEVIN O'ROURKE
SOUTHWELL & O'ROURKE, P.S.
Attorneys at Law
960 Paulsen Center
W. 421 Riverside Avenue
Spokane, WA 99201
(509) 624-0159

UNITED STATES BANKRUPTCY COURT

IN AND FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>**GARY ANDREW & CHRISTINE IDA SIMONSEN, f/d/b/a HOLY THREADS, f/d/b/a ADVANCED ORTHOPEDICS INLAND,**<br><br>Debtor. | No.: **09-01804-PCW11**<br><br>Chapter **11**<br><br>**FINDINGS OF FACT** |

**THIS MATTER** coming before the Court upon the issues raised by Debtors' request for confirmation of Debtors' Plan of Reorganization ("Plan") and based upon the evidence produced, the Court now makes the following:

### **FINDINGS OF FACT**

1. Debtors' Plan of Reorganization was filed herein on September 2, 2009 which was submitted to Creditors and other parties in interest;

2. The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law; and

3. The provisions of Chapter 11 of the United States Code have been complied with and the Plan has been proposed in good faith and not by any means forbidden by law; and

Findings of Fact-1

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

09-01804-FPC11    Doc 177    Filed 10/13/09    Entered 10/13/09 14:46:12    Pg 1 of 6

4. (a) Each holder of a claim or interest has accepted the Plan or will receive or retain under the Plan property of a value, as of the effective date of the Plan, that is not less than the amount that such holder would receive or retain if the Debtors was liquidated under Chapter 7 of the Code on such date, or (b) the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted the Plan; and

5. All payments made or promised by the Debtors or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and are reasonable and are hereby approved, or, if to be fixed after confirmation of the Plan, will be subject to approval of the Court; and

6. Confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the Debtors, or (b) if the Plan is a plan of liquidation, the Plan sets a time period in which liquidation will be accomplished, and provides for the eventuality that the liquidation is not accomplished in that time period; and

7. Pursuant to the Plan, the following acts or events constitute substantial consummation of the Plan: sixty (60) days following Confirmation, provided that Debtors has paid all installments provided by this Plan to be paid within that time.

8. Creditors were given Notice of Confirmation and no objections thereto were made, or if made, have been resolved.

9. It is proper that Debtors' Plan be confirmed, subject to the following:

   a. Notwithstanding any provision of the Plan to the contrary, at any time prior to a sale by public auction, the Debtors shall be permitted to elect

Findings of Fact-2

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

09-01804-FPC11    Doc 177    Filed 10/13/09    Entered 10/13/09 14:46:12    Pg 2 of 6

("election") to retain Debtors' 131 acres (Art. I, def. #26) or any part thereof ("property elected"); provided, however, that if the Allowed Claims (Art. I, def #4) of Classes 1, 2, or 14 are not paid in full at the time of the election, then the Court shall fix the amount to be paid by Debtors, and the terms and conditions of payment, as are noticed to creditors (after notice and hearing) (Art. I, def. #3), provided, further however, that if any unpaid balance(s) remain due on the note(s) securing the claim of the Blands against the property elected, at the time the election is made by the Debtors, the Debtors must bring any delinquent real property taxes current on the property elected, the Debtors must bring current any arrearages on the note(s) securing the claim of the Blands against the property elected, including any unpaid attorney's fees and costs required to be paid as set forth in the note(s) and deed of trust securing the claim of the Blands (the "collateral documents"), and the balance(s) of the note(s) securing the claim of the Blands against the property elected shall be paid in accordance with the collateral documents;

  b. Notwithstanding any provision of the Plan to the contrary, any capital gain taxes created by the sale of any property or post-petition taxes owed by the Estate due the United States of America, Internal Revenue Service shall be paid as a Class 1 claim. Any taxes accruing post-petition by the Debtors or the Estate due the United States of America, Internal Revenue Service shall be timely paid, and all post-petition tax returns due by the Debtors or the Estate to the United States of America, Internal Revenue Service shall be timely filed. The Debtor or the Estate will provide updates of any sales that have occurred and the associated tax consequences with its timely quarterly estimates, and all tax

Findings of Fact-3

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

09-01804-FPC11  Doc 177  Filed 10/13/09  Entered 10/13/09 14:46:12  Pg 3 of 6

returns to the Insolvency Section, IRS, 920 W. Riverside, Room 440, MS 791-S, Spokane WA 99201. ;

    c.    The real properties to be sold under the Plan shall be sold no later than March 31, 2011. If not sold by that date, the same shall be sold by public auction, which shall occur no later than May 31, 2011. Robert and Beatrice Blands ("Blands") may credit bid their claim on the real property that is subject to their secured claim in the event that specific real property is sold by auction; provided, however, all real property sold by auction will not be sold for less than a reserve set at eighty percent (80%) of the fair market value of the real property as determined and fixed by Debtors' Realtor Suzy Dix, along with a determination of property size, at the time of the public auction. If the real property is not sold for the reserve at public auction, then in that event, the Court shall fix the date, terms and notice requirements of the subsequent auction;

    d.    If the real property subject to the secured claim of Blands is sold by installment payments, the down payment shall be the greater of 20% of the sales price, or a sufficient amount to pay all costs relating to the sale, cure all defaults to bring the note(s), including any unpaid attorney's fees and costs required to be paid as set forth in the collateral documents, owing to the Blands secured by the real property sold current, and to pay in full all liens against the property superior to those of Blands. If the real property sold that is subject to the secured claim of the Blands is sold by installment payments, the monthly installments shall be sufficient to pay the monthly contract amounts to Blands, plus a sufficient amount to establish a reserve for payment of real property taxes accruing against the real property subject to the secured claim of the Blands. So long as liens superior to those of Blands remain outstanding against the property, proceeds from the sale of any real properties shall be paid to discharge all

Findings of Fact-4

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

09-01804-FPC11   Doc 177   Filed 10/13/09   Entered 10/13/09 14:46:12   Pg 4 of 6

liens against the properties superior to those of Blands before those proceeds are paid to the Debtors. So long as any defaults in payment of the amounts due the Blands under the note(s) are not cured, proceeds from the sales of any real properties shall be applied to the note(s), including any unpaid attorney's fees and costs required to be paid as set forth in the collateral documents, owing the Blands to cure those defaults before any of the proceeds are paid to the Debtors.

e.  Commencing November 15, 2009 and each 15th day of each succeeding month thereafter, Debtors shall pay Blands the regular monthly installments due Blands until paid in full.  Except as specifically modified herein, Debtors shall comply with all provisions of the notes and deeds of trust between them and the Blands, and the Blands may exercise their state law remedies in the event of any default occurring on or after November 15, 2009, if the Blands have given the Debtors a ten (10) day written notice of default and the Debtors have failed to cure the default.

f.  Notwithstanding any provision of the Plan to the contrary, the amount of the allowed secured claim of Midland Loan Services, Inc., as master and special servicer for Wells Fargo Bank N.A., as trustee for the registered holders of CBA Commercial Assets, Small Balance Commercial Mortgage Pass-Through Certificates, Series 2005-1, as assignee of New Century Mortgage Corporation, is $252,527.18, as of August 19, 2009.

g.  Commencing January 15, 2010 and each 15th day of each succeeding month thereafter, Debtors shall pay Chase the regular monthly installments due Chase until paid in full.  Except as specifically modified herein, Debtors shall comply with all provisions of the notes and deeds of trust between them and Chase, and the Chase may exercise their state law remedies in the event of any default occurring on or after January 15, 2010, if Chase has given the Debtors a ten (10) day written notice of default and the Debtors have failed to

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159

      cure the default.  Any arrearage(s) owed Chase by Debtors up to January 15, 2010 shall be

      cured at time the real property securing the secured claim(s) of Chase is sold.

PRESENTED BY:

SOUTHWELL & O'ROURKE, P.S.


BY: s/ Kevin O'Rourke_____
     KEVIN O'ROURKE, WSBA #28912

_____
Patricia C. Williams
Bankruptcy Judge

10/13/2009

Findings of Fact-6

**SOUTHWELL & O'ROURKE, P.S.**
A PROFESSIONAL SERVICE CORPORATION
**ATTORNEYS AT LAW**
SUITE 960, PAULSEN CENTER
WEST 421 RIVERSIDE AVENUE
SPOKANE, WASHINGTON 99201
TELEPHONE (509) 624-0159